# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00106-CV

---

**Timothy Litsinger, Appellant**

**v.**

**Elizabeth Litsinger, Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-21-003618, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Timothy Litsinger, acting pro se, filed this appeal from the trial court's final order in the underlying suit affecting the parent-child relationship, which named him as parent possessory conservator of his minor child, L.L., and named his sister, Elizabeth Litsinger, as nonparent sole managing conservator with the exclusive right to designate the primary residence of the child without geographic restrictions.[1]

Litsinger's minimal briefing alleges that the trial court erred by entering temporary orders without proper notice of the hearing, reciting in the temporary orders that he had appeared and announced ready, improperly denying or ignoring his motions to recuse or disqualify, and denying or ignoring his requests for a jury trial. He also alleges generally that the trial court's and opposing counsel's cumulative conduct constituted a denial of his constitutional

---

[1] L.L.'s mother is deceased. Elizabeth Litsinger did not file an appellee's brief.

parental rights and that "contempt findings, objections and other sanctions were retaliatory in nature and must be reversed."

Litsinger does not cite to any authorities or to the record in support of these arguments; thus, they are inadequately briefed.[2] *See* Tex. R. App. P. 38.1(i) (requiring that briefs include argument for contentions made, with appropriate citations to authorities and to record). We are not required to search the record to identify the alleged errors of which he complains. *See Fredonia State Bank v. General Am. Life Ins.*, 881 S.W.2d 279, 283 (Tex. 1994). "When, as here, a party fails to properly cite to the record and omits meaningful argument, appellate courts may consider the issue waived due to inadequate briefing." *LMP Austin Eng. Aire, LLC v. Lafayette Eng. Apartments, LP*, 654 S.W.3d 265, 291 (Tex. App.—Austin 2022, no pet.).

Litsinger is not treated differently as a pro se litigant but is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *see In re K.A.*, No. 11-23-00150-CV, 2025 WL 51808, at *1 (Tex. App.—Eastland Jan. 9, 2025, no pet.) (mem. op.) (concluding that pro se parties waived purported complaint as to final order in suit affecting parent-child relationship designating them as possessory conservator by failing to cite to record or applicable legal authority and failing to provide any substantive analysis of complaint). In this instance, we will address Litsinger's complaints as best we can, rather than striking his brief and dismissing the cause. *See Stewart v. Texas Health & Hum. Servs. Comm'n*,

---

[2]  The brief includes an index with a list of authorities but there is no citation or application of those authorities to the issues presented.

No. 03-09-00226-CV, 2010 WL 5019285, at *1 n.1 (Tex. App.–Austin Dec. 9, 2010, no pet.) (mem. op.).

Review of the record reveals that Litsinger's appellate issues lack merit. His complaint that he did not receive proper notice of the July 1, 2021 temporary-orders hearing is refuted by a deputy sheriff's June 18, 2021 affidavit of service, and there is no evidence of non-receipt to rebut that affidavit. *See Minsk Fin. v. Tandem, Inc.*, No. 05-21-00417-CV, 2022 WL 2302170, at *3 (Tex. App.—Dallas June 27, 2022, no pet.) (mem. op.) (noting that certificate or affidavit of service is prima facie evidence that service took place and that nothing in record showed non-receipt to rebut presumption of service). Litsinger's complaint about the temporary orders' recitation that he had appeared and announced ready became moot when the trial court entered its final order. *See Erlewine v. Erlewine*, No. 03-06-00308-CV, 2007 WL 2462042, at *2 (Tex. App.—Austin Aug. 29, 2007, no pet.) (mem. op.) ("Complaints relating to temporary orders that have since been superseded by a final order are moot."). His complaint that his motions to recuse or disqualify were improperly denied or ignored is refuted by the record, which shows that none of the motions were presented with supporting evidence and nearly all were unverified. *See* Tex. R. Civ. P. 18a (including, among other requirements, that recusal motions must be verified); *In re Gunn*, No. 14-13-00566-CV, 2013 WL 5631241, at *5 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, orig. proceeding) (stating that trial court abuses its discretion in granting motion to disqualify without presentation of evidence proving that disqualification is warranted). Likewise, the record refutes his argument that the trial court improperly denied or ignored his requests for a jury trial, as there was no timely filed request for one. *See* Tex. R. Civ. P. 216(a) (requiring filing of request for jury trial 30 days before scheduled trial date).

3

Finally, Litsinger's complaints generally about the trial court's and opposing counsel's cumulative conduct and about the retaliatory nature of unspecified "contempt findings, objections and other sanctions," do not contain any argument indicating that reversal of the final order is required. *See* Tex. R. App. P. 38.1(i), 44.1(a) (setting forth reversible-error standard in civil cases). We are not required to make arguments for pro se litigants. *Norman v. Norman*, No. 05-23-00831-CV, 2024 WL 2843090, at *2 (Tex. App.—Dallas June 5, 2024, no pet.) (mem. op.). For all these reasons, we overrule Litsinger's appellate issues.

We affirm the trial court's final order.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed:   December 10, 2025